UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RALPH E. GOFF | ) | |
| (Social Security No. XXX-XX-3662) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-325-WGH-JMS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties' consents and an Order of Reference entered on February 1, 2013. (Docket No. 14). Ralph E. Goff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner", "SSA"), which found him not disabled and not entitled to disability insurance benefits under the Social Security Act. 42 U.S.C. § 301 *et seq*. For the reasons stated below, the Commissioner's decision must be **AFFIRMED.**

**I.    Background**

   **A.    Procedural History**

Goff applied for benefits on November 2, 2009, alleging a disability onset date of March 20, 2008. (R. 115). He was 38 years old on the onset date and

had at least a high school education. (R. 21). His application was denied initially and upon reconsideration. (R. 52-54, 57-63). Goff had a hearing before an administrative law judge ("ALJ") on April 20, 2011, at which Goff and a vocational expert ("VE") testified. (R. 15). On June 20, 2011, the ALJ issued an opinion finding that Goff was not disabled. (R. 22). The Appeals Council denied his appeal on November 1, 2012 (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. 20 C.F.R. §§ 404.955(a), 404.981. As a final decision, jurisdiction is proper in this court. 42 U.S.C. § 405(g).

**B.     ALJ Findings**

The ALJ's decision included the following findings: (1) Goff had not engaged in substantial gainful activity since the alleged onset date; (2) he had the following severe impairments: degenerative disc disease of the lumbar spine and obesity; (3) Goff had no impairment or combination of impairments that met or equaled the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 17-18); (4) Goff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: he could lift or carry no more than ten pounds occasionally and less than ten pounds frequently; he could stand or walk for two hours and sit for six hours in an eight-hour workday; he needed to change positions periodically to relieve his symptoms; he could occasionally stoop, crouch, and climb ramps or stairs, but could never climb ladders, ropes, or scaffolds, kneel, balance, or crawl; and he needed to avoid heights (R. 18-21); (5) Goff experienced mild to moderate pain, for which he took medication, but neither the pain nor the medication affected

his ability to perform sedentary work (R. 19); (6) Goff could not perform any past relevant work; (7) transferability of job skills was not material, because the evidence supported a finding of "not disabled" regardless of transferability (R. 21); and (8) given Goff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy he could perform. (R. 21-22). Based on these findings, the ALJ concluded Goff was not disabled.

## II.  Legal Standards

In order to qualify for disability benefits, Goff must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment resulting "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the claimant:  (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an Appendix 1 listing for an impairment so severe it precludes substantial gainful activity; (4) is unable to perform his past relevant work; and

(5) is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on Goff for steps one through four; only after Goff has met his evidentiary burden does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

### III. Discussion

Goff raises two issues on appeal. He claims that: (1) the ALJ's credibility finding was not supported by substantial evidence; and (2) the ALJ's RFC determination failed to account for all of Goff's impairments, meaning the ALJ could not rely on the VE's testimony at step five.

#### A. Credibility Finding

In the ALJ's credibility determination, he discussed magnetic resonance imaging ("MRI") Goff underwent in 2007 and 2010. He also described Goff's testimony as to the severe pain in his back and legs, including Goff's assertion that he lied down to reduce the pain. (R. 19-20). The ALJ also examined other medical evidence, discussed *infra*, and concluded that his pain was not so severe as to preclude any full-time work. (R. 20). The ALJ found that Goff's

"medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's symptoms are not credible to the extent they are inconsistent with the above [RFC] and the medical evidence." (R. 19).

Goff alleges that the ALJ's credibility assessment is based on circular reasoning and that the ALJ violated SSR 96-7p by discrediting Goff's statements simply because they were unsupported by objective evidence. *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004) (internal quotation omitted); *see also Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ's error is particularly egregious, Goff argues, because objective medical evidence supports his pain symptoms. Both MRIs the ALJ discussed revealed significant disc disease. The first, performed on January 13, 2007, showed disc protrusion at L3-L4 and L4-L5, "complete obliteration of the left S1 nerve root sheath", and "moderate to large-sized disc herniations." (Plaintiff's Brief 5 (citing R. 204)). The second, performed March 3, 2010, "showed degenerative disc disease . . . with bilateral facet hypertrophy." (*Id.* (citing R. 299)). This evidence is consistent with Goff's testimony that he experienced chronic back and thigh pain, rendering him unable to sit or stand for more than 15 minutes at a time or more than two to three hours total per day, walk more than two or three blocks, or lift more than ten pounds; the pain also forced him to lie down for roughly four hours per day to relieve the pain. (R. 37, 39-41).

Goff also briefly alleges that the ALJ improperly used Goff's activities of daily living as proof of his ability to perform full-time work, despite the Seventh Circuit's repeated admonitions against doing so. *Hughes v. Astrue*, 705 F.3d 276, 278-79 (7th Cir. 2013); *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). Had the ALJ properly assessed his credibility, Goff's testimony about the limiting effects of his pain would have been given great weight and his occupational base would then have been significantly eroded. (R. 48); SSR 96-9p, 1996 WL 374185, at *4-5 (Jul. 2, 1996). Therefore, Goff argues, the ALJ's flawed credibility assessment was reversible error.

Assessing a claimant's credibility for determining the weight of a claimant's testimony in the ALJ's RFC assessment is a two-step process. First, the ALJ must determine whether the impairments found at step two could reasonably be expected to cause claimant's symptoms. Second, the ALJ must determine whether the claimant's statements about the intensity and persistence of symptoms are consistent with other evidence. 20 C.F.R. § 404.1529(a-c). Credibility determinations are entitled to special deference, since the ALJ is in a unique position to assess a claimant's veracity and forthrightness. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). As long as the ALJ builds a logical bridge between the evidence and his conclusion, *id*. at 1237-38, and the finding is not "patently wrong," *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir.1994), a reviewing court should not disturb this finding. However, when a credibility determination "rests on objective factors or

fundamental implausibilities . . . appellate courts have greater freedom to review the ALJ's decision." *Id.*

In evaluating the limiting effects of claimant's pain symptoms, the ALJ must evaluate both objective medical evidence and any other evidence brought before the court, including a claimant's subjective complaints of pain. 20 C.F.R. § 404.1529(c)(2-3). The non-medical factors relevant to a claimant's allegation of pain are:

(i)    Daily activities;
(ii)   Location, duration, frequency, and intensity of pain;
(iii)  Precipitating and aggravating factors;
(iv)   Type, dosage, effectiveness, and side effects of medication taken to alleviate symptoms;
(v)    Non-medication treatment received;
(vi)   Non-medical remedial measures taken by the claimant to relieve pain; and
(vii)  Other factors.

20 C.F.R. § 404.1529(c)(3).

This court concludes Goff cannot prevail in his argument. The ALJ engaged in an extensive discussion of the medical evidence as it pertained to Goff's pain and reasonably concluded that his pain did not preclude all work, nor did the evidence support the degree of limitations alleged by Goff. (R. 19-20). The ALJ discussed Goff's December 2009 evaluation by Disability Determination Bureau ("DDB") examining physician, Dr. Mohamad Mokadem, in which Dr. Mokadem found that Goff had normal gait, could stand on his heels and toes and squat, and had normal muscle strength. (R. 20, 280). While Dr. Mokadem concluded Goff had decreased range of motion in his lumbar spine, he also noted that the edema in Goff's right foot—which in

7

August 2009 precipitated a medical recommendation to elevate the foot (R. 211)—was no longer present. (R. 280). A March 2010 examination by Dr. Pradeep Narotam also did not find any edema, and while Goff was diagnosed with spondylolisthesis, Dr. Narotam indicated surgery was optional. (R. 20, 306). The ALJ noted that the medical record lacked any evidence that Goff was "experiencing progressive physical deterioration" or otherwise corroborated Goff's claims that his pain was so severe that he could not engage in any full-time work. (R. 20). The ALJ's discussion of the evidence was extensive, and he built a logical bridge from that evidence to his conclusion.

The ALJ discussed Goff's activities of daily living and that he could drive and bathe, dress, and pick up after himself; he used these activities as support for his conclusion that Goff's pain was not so limiting as Goff alleged. (R. 18, 33, 43, 283). The ALJ using Goff's activities of daily living evaluating whether his pain impacted his ability to perform full-time work is not only permitted, but expected. 20 C.F.R. § 404.1529(c)(3)(i). Remand is only justified when the ALJ equates performance of daily activities with the capacity to perform full-time work, and the court finds the ALJ did not do that in his credibility analysis.[1]

Similarly, using boilerplate language in the credibility assessment is not by itself sufficient to require remand. *Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012). This court's review turns instead on whether the ALJ adequately considered the record evidence and provided a sufficient basis in

---

[1] In fact, the ALJ did not mention Goff's activities of daily living at all during his RFC discussion.

making his credibility finding. *See Richison v. Astrue*, 462 Fed. Appx. 622, 625-26 (7th Cir. 2012). The ALJ, as noted *supra*, discussed the largely normal findings by Drs. Mokadem and Narotam to conclude that his pain was not as physically limiting as Goff suggested. The ALJ also discussed Goff's March 2010 examination with Dr. Sanjay Pathak and his March 2010 treatment at St. Ann's Center. In both instances, Dr. Pathak and the nurse practitioner noted that Goff had been recommended surgery (which Dr. Narotam had considered optional), but Goff had declined surgery. (R. 301, 304). Inconsistency with medical evidence is a valid reason to discount a claimant's credibility as to the limiting effects of his pain, 20 C.F.R. § 404.1529(c)(2), and Goff does not cite any record evidence that supports a conclusion that his symptoms were as disabling as he suggested. The ALJ's credibility determination was therefore well-founded, and the court affirms it.[2]

### B. Adequacy of RFC for VE testimony

Goff briefly argues that the ALJ failed to account for all of Goff's limitations in his RFC determination. Therefore, the hypotheticals posed to the VE based off that RFC were flawed, the VE's testimony that there existed jobs in significant numbers that Goff could perform was unreliable, and the ALJ could not rely on the VE's testimony as evidence to meet the step five burden. (Plaintiff's Brief 8 (citing *Cass v. Shalala*, 8 F.3d 552, 555-56 (7th Cir. 1993))).

---

[2] The court notes that the ALJ's discussion of the record evidence was modest, and he failed to explicitly assign weight to any medical source. However, the record itself is sparse, and the ALJ's discussion of the evidence was not inadequate. Moreover, there was no designated treating physician, as the treating nurse practitioner is considered an "other source." SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). Thus, his failure to assign weight did not violate SSR 96-2p. 1996 WL 374188 (Jul. 2, 1996).

9

As discussed above, there was substantial medical evidence to support the ALJ's RFC determination.  Therefore, the ALJ was free to base his hypotheticals to the VE on that RFC.  The ALJ was justified in using the VE's testimony that there existed significant jobs in the regional and national economies Goff could perform to meet his burden of proof.  (R. 47-48).  The court therefore affirms the ALJ's step five determination.

## IV. Conclusion

For the foregoing reasons, the ALJ's decision that Goff was not disabled must be **AFFIRMED.**  Judgment consistent with this Entry shall now issue.

**SO ORDERED** the 6th day of December, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Distribution to all ECF-registered counsel of record via email.**